Brevard, J.
This was an action of assumpsit, brought by way of foreign attachment, which was decided to have abated, in consequence of the defendant’s death pending the suit. The decision was made by the late Mr. Justice Trezevant, in January, 1806 : an appeal from that decision was argued in January, 1808, and the case has been held under advisement ever since. I cannot state, nor is it necessary to state, the causes which have protracted the determination of this appeal to this time, In justice to myself, however, I must say that I was prepared, soon after the argument of the motion, to deliver my opinion, and have been ever since ready and willing to deliver it: the procrastination, therefore, cannot in any degree, be imputed to me. I have never entertained any other opinion on the subject, than that which I am now about to declare. The case was briefly this. A copy of a writ of foreign attachment was served on a garnishee, who returned that he had in his possession certain effects of the defendant, the absent debtor; but before any judgment was obtained against the defendant, he died. The death of the defendant being admitted, the district court decided that the suit had thereby abated. The motion in this court is to reverse that *84 decision, and in support of the motion, the princi-pie was assumed in argument, and attempted to be established, that a suit by foreign attachment is a proceeding against the property, and not against the person of the debtor; and, therefore, the circumstance of the defendant’s death intervening, was no ways material. It was further contended for the plaintiff, that by the service of the attachment, he acquired certain vested rights, which could not be divested or impaired by the death of the defendant. Toa correct decision on these points, it will be necessary to see how the law stood, when the act of Assembly was passed which authorised the suit in question, and what alteration was affected by that act. By the general rules of law, the death of either party, pending the action, will abate it. By an express provision of statute law, if either of the parties shall die, after an interlocutory, and before final judgment, the action shall not abate, if it be maintainable by or against the legal representatives of the party defunct;(a) but the action must be revived and continued by scire facias. The act of Assembly, on which the action in the present case was instituted,(b) seems clearly to have intended a remedy against such debtors as are resident in foreign parts, or absent themselves, so that no process of law in this state can affect them, by subjecting their estates and choses in action, within the state, to legal process, so as to procure by that means, the satisfaction of their just debts, due to persons living here or entitled to claim the benefit of our laws. At the time when the act passed, no *85 action could be instituted or prosecuted against any one, not within the state or province. As no process of law could be served on him, he could not be . / summoned, or notified, or, by any means, compelled to answer, nor could his property be seized or attached by any lawful procedure, so as to coerce liis attendance in court to answer the complaint of his creditor, or to satisfy his demand. No process of law could affect the debtor without an opportunity afforded him of being heard in his defence. This is a right of which he could not be deprived, without a violation of the fundamental principles of natural justice. The act has provided a remedy for the creditor, which does not take away or impair the right of the debtor. If the act is carefully examined and attentively considered, it will be found, I think, beyond all doubt, that the remedy was not intended to operate on the property alone, but on the person of the debtor. It is not in its nature or in form of process a proceeding in rein, as in the courts of admiralty, which every one is bound to take notice of; but it is calculated expressly to induce or constrain the appearance of the ®hbtor, who is the nominal as well as real defendant, to answer in person the complaint of the creditor.
The first enacting clause provides the specific remedy in the form of an action against the person of the debtor. It prescribes the duty of the officer entrusted with the service of the writ, and guards cautiously against an improper service, in order that the absent debtor may have notice. Where; *86 the property of the defendant is attached, a copy of the writ of attachment, and written notice thereon, is directed to be served or published. If the prop-perty attached is not in the hands or possession of any person, a copy of the writ and notice is to be posted at the door of the court-house of the district where the property was when attached. If attached in the hands or possession of any person, or where some person has or claims a power over the same, he must be- served with notice. If such person should claim the property, or deny that it is the property of the defendant, the act provides for the determination of that question by a jury. If the question should be decided against the garnishee, or he should make default by neglecting to appear and answer, the right to prosecute the action is established by the service of process on the supposed trustee or agent of the defendant, and attachment of the effects of the defendant in his hands. All this is calculated to give notice to the defendant; in order that he may take steps to resist the proceedings against him, or provide the means of rescuing his property from the grasp of his creditor, if disposed to do so; and ample time is allowed him that may not be surprised or concluded for want of notice. If the defendant has a wife or attorney within the state, the act directs, that a copy of the declaration shall be served on such wife or attorney, with an order to the defendant, to plead or make his defence; and the court is authorised to allow a sufficient time, not exceeding a year and a day for that purpose, and notice is to be given to the de *87 fendant, by publications in the gazette, once every three months. If the defendant appears within a year and a day, or such time as the court shall allow, he may give bail and dissolve the attachment, or any person may appear for him, and give bail to answer the action. Upon giving bail, the claim on the property is discharged, and the action proceeds as if the defendant had been personally served with process, at the commencement of the suit. If the defendant should fail to appear, or any person on his behalf, after the time allowed for appearance, judgment may be obtained against him, as in other cases in the ordinary course of legal proceeding. He is condemned for default of appearance, upon the presumption that he has had due and sufficient notice to appear and make his defence, if any he had. But the act further provides for cases where a defendant may not have had notice, or where fraud may have been practised to deprive him of the benefit of such legal and just defence as he might have availed himself, if he had notice, or had not been deceived. The defendant is allowed, at any time fithin two years, to appear and disprove, if he can e demand of the plaintiff on which he has obtained judgment, and to recover against him full damages and treble costs. This seems to be a strong guard against false and collusive judgments. From this view of the act, it seems evident that the death of the defendant must he material, and upon that event, the suit abated, in the same manner as it would have done if he had given bail to the action. But the plaintiff’s counsel has contended that by the *88 i°dgment °f the writ of attachment, or, at any rate, by the levy of it, a lien was created, and certain rights vested, which could not he discharged or divested by the death of the defendant. It is clear J . to my mind, that the mere lodgment of the writ m the hands of the officer, whose duty it was to serve it, created no lien and conferred no right whatever. This point has been, in effect, decided by a majority of the court, in several cases which have been adjudged; in which it has been determined that the mere lodgment of the writ does not give & priority of right, and that the attachment first levied shall be preferred. But in this case the writ was actually served. This, I think, created a partial or qualified lien and bound the property actually attached to answer the plaintiffs pursuant to the act. But the lien so created cannot be regarded in the light of an absolute vested right to the specific property. The property attached in such case may be considered as a pledge liable to answer the demands of the plaintiffs, sub modo, subject to certain conditions and contingencies. Viewing the remedy provided by the act in the light of a personal action, and the attachment of property as a method by which the appearance of the party is to be enforced, it would be incongruous to suppose that after the death of the defendant, before judgement, the property would become liable; and, especially if the defendant should happen to die immediately after the service of the writ, without having had any opportunity to hear of that service. The act declares that attaching part of the debtor’s effects shall make the whole IN- *89 ble in the hands or power of the garnishee to recover any judgment recovered on that process. The judgment here spoken of must be a judgment against the defendant, by which his property is made liable to respond. Before the judgment can be had, proof must be given sufficient to authorise it. The evidence on which the judgment is founded is not required to have any connection with the property attached. This is another circumstance to show that the action is merely personal. The part of the act which directs the property attached to be delivered to the plaintiff, upon his giving security to answer the value, and to prosecute his suit with effect, is as much for the advantage of the defendant as of the plaintiff, and was not intended, certainly, td grant any right of property to the plaintiff, or give any other lien upon it, than that which has been before noticed. So, the other clauses of the act,- directing a sale of perishable articles. This was done, evidently, to prevent a loss to either party by the destruction or deterioration of articles of a perishable nature. In this opinion, I do not mean to controvert or to disapprove of the decision made in the ease of Kennedy vs. Raguet,(a) which was cited and relied upon by the plaintiff’s counsel. In that case, it seems, there was a judgment and an. execution against the defendant, the absent debtor, and the application was on the part of the garnishee to set them aside upon the ground that the defendant had died before judgment. I do not at present feel disposed to favour an application of this sort, as it could not be any injury or prejudice to the garnishee to *90 pay money due to the absentee or his representatives or deliver up the property to whoever might 1)6 authorised by law to receive it. The application ought, I think, to have been by the legal renresen-7 •'rrí r tatives of the absent debtor. The decision was, I think, correct, though I cannot subscribe to the reasons which are assigned for it. My opinion, upon the whole, is, that the decision of the District Court was correct, and that the motion in this Court ought to be rejected.
The other Judges concurred.

 Act of Assembly of 1744. Public Laws, 212,

 A. A. 1744. Public Laws.

(a) 1st Bay’s Rep. 484.